**Barbara JULIAN**

v.

**CITY OF KNOXVILLE et al.**

**Civ. No. 3–78–19.**

United States District Court,
E. D. Tennessee, N. D.

May 16, 1978.

Mostoller & Stulberg, Oak Ridge, Tenn., for plaintiff.

W. Mitchell Cramer, Robert H. Watson, Jr., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This action was instituted under Title VII of the Civil Rights Act of 1964, the Fourteenth Amendment of the Federal Constitution and Title 42 U.S.C. § 1983 alleging failure to promote or consider plaintiff for promotion because of her sex. She seeks injunctive relief, attorneys' fees, costs, back pay, reimbursement for lost pension benefits and all fringe benefits that she claims accrued by defendants' alleged discrimination. All of the claims were abandoned before trial date, except those under Title 42 U.S.C. § 2000e, commonly referred to as Title VII of the Civil Rights Act of 1964, as amended in 1972.

Plaintiff claims that she was not promoted to Assistant Principal at Rule, Fulton or Park High Schools, or to any other administrative job. During the trial she substituted Austin-East for the Park High School. Until the time of the trial, she was claiming discrimination in failing to be accepted in various and numerous positions of the Knoxville school system. Considerable proof was heard relating to the three high schools named. She received her right to sue notice from the Department of Justice on or about November 22, 1977 and her complaint was filed on February 2, 1978.

It was and is the contention of plaintiff that she did not receive the applied for jobs because she was a woman and that she was thus discriminated against because of her sex.

It is the contention of the defendants that they did not discriminate against plaintiff and that her failure to receive the positions to which she applied was based on merit rather than sex.

The issues, as formulated in the pre-trial order, are:

(1) Did the City of Knoxville, as employer, deny plaintiff promotion from the positions which she held to that of Assistant Principal in either the Rule, Fulton or Austin-East High Schools on the basis of sex?

(2) If plaintiff is entitled to recover, what is her remedy?

The Court heard evidence from plaintiff Barbara Julian, James Newman, Superintendent of Schools, Mrs. Littrell, Robert Beam, Professor Ubben, Dr. Wallace, Sarah Green, Earl Armstrong, Assistant Principal of Austin-East High School, Gerald Scott, Principal of Fulton High School, Ruth Benn, Winston Davis, Assistant Principal of Fulton High School, David Sexton, Assistant Principal of Rule High School, Imogene Huddleston, and Dr. Werner, Principal of Knoxville Adaptive Education Center.

The testimony of Mrs. Julian shows that she received a Bachelor of Science degree in Education and was certified in 1969. She was employed on a regular basis after that date. During 1970 she was granted tenure. She received a Master's Degree in Educational Administration and Supervision in 1971. By July 1975, plaintiff had an additional forty-five (45) credit hours in Educational Administration beyond the Masters program.

Plaintiff majored in administrative supervision with grades on the level of 3.8 average. She was certified in principalship of grades from seven to twelve. She was

placed on a month-to-month basis for the years 1963, 1964 and 1965 at the schools where she taught during those years. She was transferred to Lonsdale on the same basis and reassigned to the Bearden School and has been there since that time. She was sent to Bearden to set up a special education program. She is now teaching English, with students whose ages range from 13 to 16. The ages at Bearden Junior High ranged from 11 to 13. At the Moses School, where she taught, the children could be classified "off the street" students. The caliber of students at Lonsdale was a little higher and substantially higher at Bearden. She was a lecturer at UT to prospective teachers. Plaintiff has no experience in the senior high level (grades 10, 11 and 12) in her teaching career, except for a brief period prior to 1963 of not more than thirty days as a substitute at Young High School and a period less than thirty days as a substitute at Rule High School in 1965. She has no other senior high grade level teaching experience. All of the schools, Rule, Fulton and Austin-East, where plaintiff claims to have been discriminated against, are senior high schools.

Plaintiff applied for administrative positions, both general and special. Her first application was in 1971. She talked to Superintendent Newman in 1976 about an administrative position and also spoke to Dr. Bedelle and Dr. Paul Kelly about an administrative position. Her name at that time was not on the administrative list. Plaintiff was interviewed by Dr. Scott at Fulton. In 1977, plaintiff was interviewed by Beam, Newman and Kelly and was asked whether she was interested in having a position at the Beardsley School. Plaintiff replied in the negative. Plaintiff had numerous conversations with Dr. Bedelle and Superintendent Newman, but had none with Dr. Wallace.

Plaintiff made $14,525.00 during the teaching year 1976–77 at Bearden High School. She is now earning $15,771.00 teaching at the same place.

Plaintiff stated that she was interested in an administrative position either in the Rule, Fulton or Park High Schools, but later dropped Park High School and substituted Austin-East High School. Plaintiff was of the opinion that she was better qualified than Mr. Sexton, who was Assistant Principal of Rule High School, Mr. Armstrong, who was Assistant Principal at Austin-East High School and Mr. Davis, who was Assistant Principal at Fulton. She believed she was better qualified than Sexton, Armstrong and Davis because of her superior academic credentials.

Superintendent Newman stated that he usually accepted the recommendation of the Board of Education in designating people to administrative positions. He has not recommended a woman for assistant principal in any of the high schools, as plaintiff was the only woman applicant for assistant principal in any of these schools. Plaintiff was considered for Assistant Principal at Rule, Fulton and Austin-East.

Miss Littrell is a friend of Dr. Scott, who is the Principal at the Fulton High School. She stated that she had friendly conversations with Dr. Scott and on many occasions that they joked with each other. She further stated that Dr. Scott told her in one of these conversations that he did not want a woman Assistant Principal at Fulton because of disciplinary problems in that school. This conversation took place in the summer of 1977, but Miss Littrell could not say whether or not Dr. Scott was joking or teasing at the time of this conversation.

Mr. Beam is Director of Personnel for the Knoxville City Schools. He does not always provide notification when an administrative position is open in the Knoxville Schools. He interviewed plaintiff in the summer of 1977. There is no written job description for the job of Assistant Principal in the schools of Fulton, Rule or Austin-East. Mr. Beam stated that in filling the positions in the schools, there is no discrimination against women. On July 5, 1977, there was only one administrative position open. This position was in the Beardsley School.

Professor Ubben teaches educational administration at the University of Tennessee. Professor Ubben stated that job description

is a part of the functions of a supervisor. In selecting assistant principals, the recommendation of the principal is usually accepted. The needs of each school for an assistant principal will differ from those of other schools in a school system.

Doctor Wallace is the past Superintendent of the Knoxville schools and is Chairman of the Board of Education. Doctor Wallace stated that certification is the minimum qualification for assistant principal. He further stated that there are no guidelines for selecting people for administrative jobs. Dr. Wallace denied that any discrimination exists in the Knoxville School system and suggested that Mr. Armstrong was selected for Assistant Principal at Austin-East in large part because of his prior work at that school and his relations with the parents and students at Austin-East. Prior to his taking the job, there had been a great deal of trouble in the Austin-East School.

Earl Armstrong is Assistant Principal at Austin-East High School. He was guidance counselor from 1971–1972 for the youth and young adult program for the City of Knoxville School System. From 1972–1976 he was director of the youth and young adult program. The program was housed on the Austin-East campus and Mr. Armstrong worked with student dropouts and disadvantaged youth who would otherwise attend Austin-East. Some of the students did later attend or re-enroll in Austin-East. The funds for the administration of the program was discontinued by the State in 1976, and the School Board was faced with terminating Mr. Armstrong or transferring him to another position. In August of 1976, the Assistant Principal of Austin-East transferred to another school and various members of the community sought to have Mr. Armstrong appointed to the position. Mr. Armstrong has been in the Austin-East community since 1963.

Gary Scott is principal of the Fulton High School. He was the former principal of Bearden High School. Fulton High School offers industrial courses. Discipline in that school is a problem. He interviewed plaintiff. Dr. Stevens of Anderson County endorsed her. She was the only woman applicant for the position of Assistant Principal at Fulton. Mr. Scott stated that he did not recall the remark testified to by Miss Littrell, but added that he did in fact seek out a woman, Ruth Benn, for the position of Assistant Principal at Fulton.

Winston Davis is Assistant Principal at Fulton. He was first employed as a degreed teacher in the school system in 1960. He received tenure in 1962. He graduated from Middle Tennessee State University in 1959 and received a Master's Degree from the University of Tennessee in Industrial Education in 1963 plus an additional seventy hours above the Masters. He taught in vocational programs for the last seventeen years. All of his teaching experience has been on the senior high school level. Further, his previous teaching experiences were in schools with a similar socio-economic environment to that of Fulton High.

Mr. Sexton is Assistant Principal of Rule High School. He graduated from Carson-Newman College in 1964. He was employed by the Knoxville City School System in 1964 as a degreed teacher and received his tenure in September of 1966. He received his Master's Degree from the University of Tennessee in 1972 and has twenty-three hours above his Masters. He taught on the senior high grade level since 1964. Further, he has experience in dealing with budgets and has other experience with discipline and dealing with senior high students and parents through his coaching and school activities.

Ruth Benn testified that she did discuss the job of Assistant Principal with Dr. Scott but that she had not desired to apply for the position.

Mrs. Julian, when recalled to the stand, stated that Miss Littrell did not indicate that Mr. Scott was joking when he stated that he did not want a woman as Assistant Principal at Fulton.

There were women hired for administrative positions during the period of time complained of by the plaintiff. The males hired as assistant principals were qualified to hold those positions and either had more

tenure, more years of teaching experience or were better suited for the positions than the plaintiff. Plaintiff rejected the only administrative position open in 1977 on July 5, 1977. In failing to obtain the jobs sought, plaintiff was not discriminated against on the basis of sex.

Plaintiff argues that the subjective and informal nature of the procedures utilized to select assistant principals, plus statistical evidence of the number of women employed in administrative positions in the school system, establish a prima facie case of discrimination based on sex. *Cf. Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976), *cert. denied* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150. While the Court considers this evidence to be significant, the record demonstrates that the plaintiff was fairly considered for each of the three positions at issue and was rejected not for "vague and subjective" reasons, *cf. Rowe v. General Motors Corp.*, 457 F.2d 348, 358–59 (5th Cir. 1972), but was rejected in favor of better qualified candidates from the viewpoint of bona fide job requirements. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Court notes particularly in this regard, Mr. Armstrong's personal experience at Austin-East, Mr. Sexton's experience at the high school level and Mr. Davis' vocational experience and training.

The plaintiff also argues that she has demonstrated discriminatory intent through the remarks of Dr. Scott. The Court views Dr. Scott's attempts to interest Ruth Benn in the position of assistant principal as a clear indication that he did not hold any such bias and that the remark in question, if made, was not intended seriously.

For the foregoing reasons, it follows that plaintiff's case must be dismissed.

Order Accordingly.